UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC, <br><br> PLAINTIFF, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> DEFENDANTS. | CASE NO.: 1:24-CV-09484 <br><br> JUDGE JORGE L. ALONSO <br><br> MAGISTRATE JUDGE JEANNICE W. APPENTENG |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff, Allstar Marketing Group, LLC, ("AMG" or "Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

**MEMORANDUM OF LAW**

## I. INTRODUCTION

Plaintiff, Allstar Marketing Group, LLC, brings the present action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for federal trademark infringement (Count I), false designation of origin (Count II), violation of the Illinois Uniform Deceptive Trade Practices Act (Count III), and copyright infringement (Count IV). As alleged in AMG's Complaint [Docket No. 2], the Defendants are promoting, advertising, distributing, offering for sale, and selling products using infringing and/or counterfeit versions of AMG's federally registered Wobble Wag Giggle trademarks, unauthorized copies of AMG's federally registered copyrights, and/or both (collectively, the "Counterfeit WWG Products") through various fully interactive, commercial Internet stores operating under at least the online marketplace accounts identified on Schedule A to the Complaint (collectively, the "Defendant Internet Stores" or "Seller Aliases").

## II. STATEMENT OF FACTS

On October 22, 2024, this Court granted Allstar Marketing Group, LLC's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO"). [20]. The TRO authorized AMG to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and by sending an e-mail to the e-mail addresses provided for Defendants by third parties that includes a link to said website. [20] at ¶ 7. This Court granted AMG's *Ex Parte* Motion to Extend the Temporary Restraining Order until November 19, 2024. [25]. Since, and pursuant to entry of the TRO, several financial accounts associated with the Defendant Internet Stores have been frozen. See Declaration of Ann Marie Sullivan (hereinafter, "Sullivan Declaration") at ¶ 2.

2

AMG now respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit WWG Products during the pendency of this litigation. As part of the Preliminary Injunction, AMG requests that Defendants' financial accounts remain frozen until completion of these proceedings.

### III. ARGUMENT

#### A. A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

AMG respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Decker's Outdoor Corporation v. The Partnerships, et al.,* No. 15-cv-3249 (N.D. Ill. May 6, 2015) (unpublished).

i. <u>This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied</u>

The standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit; as such, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

      ii.      The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

AMG requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, e-commerce platforms and payment processors such as Amazon, DHGate, eBay, Joybuy, Temu, Walmart, Wish, and PayPal (collectively referred to herein as "Payment Processors"), have provided AMG with information, including the identification of several financial accounts linked to the Defendant Internet Stores which were offering for sale and/or selling Counterfeit WWG Products. In the absence of a preliminary injunction, Defendants may attempt to move these assets from accounts in U.S.-based financial institutions to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which AMG is entitled, as set forth in the Complaint, far exceeds any amount contained in any of the Defendants' frozen financial accounts. For example, AMG's prayer for relief requests statutory damages which can be up to $2 million from each Defendant. [2]. In addition, and as established in AMG's TRO Memorandum [11], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

## IV. CONCLUSION

In view of the foregoing, AMG respectfully requests that this Court enter the preliminary injunction.

Dated: November 13, 2024

Respectfully submitted,

*/s/ Alison K. Carter*
Ann Marie Sullivan
Alison K. Carter

**SULLIVAN & CARTER, LLP**
111 W. Jackson Blvd. Ste 1700
Chicago, Illinois 60604
Telephone: 929-724-7529
E-mail: a.carter@scip.law

***ATTORNEYS FOR PLAINTIFF***